**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **SIJAN OLI,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1690-KC** |
| | § | |
| **MARKWAYNE MULLIN et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case. On July 1, 2026, the Court granted in part Oli's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. July 1, 2026, Order 3, ECF No. 5.

On July 8, Respondents informed the Court that an IJ denied Oli bond on flight risk grounds. Advisory, ECF No. 6; *see id.* Ex A ("IJ Order"), ECF No. 6-1. Specifically, the IJ found Oli was a flight risk due to the "[m]anner of [his] entry" and that he had been "[o]rdered [r]emoved." IJ Order 1. Finding that no matters remained to be resolved, the Court closed the case. *See* Final J., ECF No. 7.

Oli has now filed a Motion to Enforce Judgment ("Motion"), ECF No. 8. He argues that Respondents did not comply with the Court's Order because the IJ's reliance on Oli's manner of entry and non-final-removal-order in making a flight risk determination was not individualized and therefore does not satisfy this Court's July 1, 2026, Order. Mot. 7–11. Instead, he believes

the IJ should have considered "the specific release conditions proposed in the bond packet," including "reporting, address updates, ATD monitoring, sponsor supervision, and a reasonable bond." *Id.* at 11.

This Court, however, lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Here, Oli was provided with a bond hearing on July 6, and there is no indication that the IJ failed to make factual findings or conduct an individualized determination. To the extent Oli disagrees with the IJ's determination, he may file an appeal with the Board of Immigration Appeals or request a custody redetermination. Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding. *See Lopez-Arevelo*, 801 F. Supp. 3d at 678–79.

Accordingly, the Court **ORDERS** that the Motion, ECF No. 8, is **DENIED**.

The case shall remain closed.

**SO ORDERED**.

**SIGNED this 5th day of August, 2026.**

_____
KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE

2